## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOLTA MEDICAL, INC.<br><br>               Plaintiff,<br>v.<br><br>LUMENIS, INC. AND<br>LUMENIS, LTD.<br><br>            Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Solta Medical, Inc. ("Solta" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendants Lumenis, Inc. and Lumenis, Ltd. (collectively, "Lumenis") as follows:

## NATURE OF THE ACTION

1.     This is a civil action for infringement of U.S. Patent Nos. RE42,594 ("the '594 Patent") and RE43,881 ("the '881 Patent").  True and correct copies of the '594 and '881 Patents (collectively, the "Asserted Patents") are attached hereto as Exhibits 1 and 2, respectively.

## THE PARTIES

2.     Solta is a Delaware corporation with its principal place of business at 25881 Industrial Blvd., Hayward, CA 94545.

3.     Upon information and belief, Lumenis, Inc. is a Massachusetts corporation, having a place of business at 2077 Gateway Place, Suite 300, San Jose, CA 95110.  Upon information and belief, Lumenis, Inc. is a subsidiary of Lumenis, Ltd.

4.     Upon information and belief, Lumenis, Ltd. is an Israeli corporation, having a place of business at Yokneam Industrial Park, Hakidma 6, P.O.B. # 240, Yokneam 2069204, Israel.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Lumenis, Inc. is incorporated in Massachusetts.  Venue is further proper against Lumenis, Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.  Venue is further proper because Lumenis has committed acts of patent infringement complained of herein in this judicial district.

7.     This Court has personal jurisdiction over Lumenis, Inc. because Lumenis, Inc. is incorporated in Massachusetts.  Moreover, Lumenis regularly conducts business in this district. Upon information and belief, Lumenis has purposefully availed itself of the privilege of conducting activities within this forum.  Lumenis' activities in this forum are continuous and systematic and give rise to the liabilities sued upon herein.  More specifically, upon information and belief, Lumenis' activities in this forum have included, *inter alia*, selling and offering to sell infringing products in this forum, and marketing and advertising infringing products in this forum.  Upon information and behalf, Lumenis does extensive business within the State of Massachusetts and earns substantial amounts of revenue through its contacts with the forum. These activities far exceed the minimum requisite contacts.

## SOLTA'S PATENTED INNOVATIONS

8.      Solta is a pioneer in the aesthetics industry.  In particular, Solta has developed sophisticated technologies in simple, elegant designs, that provide true aesthetic and therapeutic benefits.

9.      Solta's skincare solutions provide benefits for every age and every layer of skin. For example, Solta's Fraxel® and Clear + Brilliant® laser treatments can help prevent the visible signs of aging and address the overall effects time and the environment can have on your skin.

10.     The Asserted Patents relate to various innovations by Solta in laser treatment technologies.

11.     The '594 Patent, titled "Tissue Cooling Rod for Laser Surgery," was duly and legally issued on August 2, 2011, to inventors Nikolai Tankovich and Eugene Baranov.  Solta is the owner of all rights, title, and interest pertaining to the '594 Patent, including the right to recover damages for infringement thereof.  Upon information and belief, the '594 Patent expired October 16, 2018.

12.     The '594 Patent, in general, relates to a "laser treatment device and process with controlled cooling.  The device contains a cooling element with high heat conduction properties, which is transparent to the laser beam.  A surface of the cooling element is held in contact with the tissue being treated while at least one other surface of the cooling element is cooled by the evaporation of a cryogenic fluid.  The cooling is coordinated with the application of the laser beam so as to control the temperatures of all affected layers of tissues.  In a preferred embodiment useful for removal of wrinkles and spider veins, the cooling element is a sapphire plate.  A cryogenic spray cools the top surface of the plate and the bottom surface of the plate is in contact with the skin.  In preferred embodiments the wavelength of the laser beam is chosen so

that absorption in targeted tissue is low enough so that substantial absorption occurs throughout the targeted tissue." Ex. 1 at Abstract.

13. The '881 Patent, titled "Tissue Cooling Rod for Laser Surgery," was duly and legally issued on August 2, 2011, to inventors Nikolai Tankovich and Eugene Baranov. Solta is the owner of all rights, title, and interest pertaining to the '881 Patent, including the right to recover damages for infringement thereof. The '881 Patent is a continuation of the '594 Patent. Upon information and belief, the '881 Patent expired October 16, 2018.

14. The '881 Patent, in general, relates to a "laser treatment device and process with controlled cooling. The device contains a cooling element with high heat conduction properties, which is transparent to the laser beam. A surface of the cooling element is held in contact with the tissue being treated while at least one other surface of the cooling element is cooled by the evaporation of a cryogenic fluid. The cooling is coordinated with the application of the laser beam so as to control the temperatures of all affected layers of tissues. In a preferred embodiment useful for removal of wrinkles and spider veins, the cooling element is a sapphire plate. A cryogenic spray cools the top surface of the plate and the bottom surface of the plate is in contact with the skin. In preferred embodiments the wavelength of the laser beam is chosen so that absorption in targeted tissue is low enough so that substantial absorption occurs throughout the targeted tissue." Ex. 2 at Abstract.

## LUMENIS' INFRINGEMENT

### M22™

15. Upon information and belief, Lumenis has offered the M22 since at least as early as 2011.

16. An image of M22 from the M22 website is reproduced below:



17.     The M22 website describes the M22 as follows: "M22™ is a modular multi-application platform for the treatment of over 30 skin conditions and hair removal. Used by physicians around the world, M22™ enables you to treat a vast variety of patients and conditions with excellent outcomes." https://lumenis.com/aesthetics/products/m22/.

18.     Upon information and belief, the M22 is designed to work with the ResurFX™ module.

19.     An image of ResurFX™ module from the M22 website is reproduced below:



20.     According to the M22 website, "The ResurFX™ module of M22™ is the only true fractional non-ablative technology. One pass is all it takes.  Unlike other fractional technologies, ResurFX™ needs only one pass to be effective, saving you time and protecting the patient's skin. ResurFX™ uses a 1565 nm fiber laser and a very advanced scanner, which enables you to choose from more than 600 combinations of shape, size and density for optimal treatment."  https://lumenis.com/aesthetics/products/m22/resurfx/.

21.     According to the M22 website, "The ResurFX™ module has a state-of-the-art CoolScan™ scanner for non-sequential scanning. The patent pending algorithm places each fractional spot in a controlled manner to protect the tissue from heat accumulation and overheating. This ability is unique to the ResurFX™ 1565nm fiber laser. The ResurFX™ handpiece is equipped with continuous contact cooling, to increase patient comfort during treatment." https://lumenis.com/aesthetics/products/m22/resurfx/.

22.     Upon information and belief, the ResurFX™ module permits varying levels of depth penetration in the skin tissue.

23.     Upon information and belief, M22 is used by placing the ResurFX™ module against the skin.

**AcuPulse™**

24.     Upon information and belief, Lumenis launched the AcuPulse™ CO2 laser in 2009.

25.     An image of AcuPulse from the AcuPulse website is reproduced below:



26.     According to the AcuPulse website: "AcuPulse™ is a complete ablative laser resurfacing workstation, featuring state of the art technology for all aesthetic resurfacing needs." https://lumenis.com/aesthetics/products/acupulse/.

27.     Upon information and belief, the AcuPulse is designed to work with the AcuScan120™ Fractional Scanner.  https://lumenis.com/aesthetics/products/acupulse/.

28.     An image of AcuScan120™ Fractional Scanner from the AcuPulse website is reproduced below:



29.     According to the AcuPulse website: "When ablation depth is equal, more energy means more excess heat in the tissue. SuperPulse™ technology enables the deepest penetration with the lowest energy.  This reduces patient discomfort, downtime and thermal damages." https://lumenis.com/aesthetics/products/acupulse/technology/.

30.     Upon information and belief, AcuPulse is used by placing the AcuScan120™ Fractional Scanner against the skin.

**UltraPulse**®

31.     Upon information and belief, Lumenis launched the UltraPulse® $CO_2$ laser in 2008.

32.     An image of UltraPulse from the UltraPulse website is reproduced below:



33.     According to the UltraPulse website: "UltraPulse® can penetrate deeper than any aesthetic ablative $CO_2$ laser. Combined with great versatility, this makes UltraPulse® perfect for both everyday procedures and the thick and complex lesions." https://lumenis.com/aesthetics/products/ultrapulse/.

34.     Upon information and belief, the UltraPulse is designed to work with the DeepFX™, ActiveFX™, and/or TotalFX™ handpieces.



(https://lumenis.com/aesthetics/products/ultrapulse/)

35.     According to the UltraPulse website: "The UltraPulse® laser boasts the Gold Standard UltraPulse® technology, enabling the deepest and safest impact, as well as a full range of advanced capabilities for fractional and full resurfacing, at an unparalleled range of depths." https://lumenis.com/aesthetics/products/ultrapulse/technology/.

36.     According to the UltraPulse website: "When ablation depth is equal, more energy means more excess heat in the tissue. UltraPulse® technology enables the deepest penetration with the lowest energy. This reduces patient discomfort, downtime and thermal damage." https://lumenis.com/aesthetics/products/ultrapulse/technology/.

37.     Upon information and belief, AcuPulse is used by placing the DeepFX™, ActiveFX™, or TotalFX™ handpiece against the skin.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. RE42,594
## (35 U.S.C. § 271(a))

38.     Plaintiff incorporates the foregoing allegations as if fully realleged and restated herein.

39.     Upon information and belief, the '594 Patent was valid and enforceable until it expired.

40.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Lumenis has directly infringed the '594 Patent, either literally and/or under the doctrine of equivalents, by using the M22, AcuPulse, and UltraPulse devices in the United States to meet the limitations of one or more claims of the '594 Patent.

41.     Exemplary independent Claim 29 of the '594 Patent recites the following:

A method of treating skin tissue, comprising:

**[1]** generating laser light at a wavelength that in skin tissue is primarily absorbed by water;

**[2]** transmitting the laser light through a transparent material contained in a hand-held unit, placing the hand-held unit in contact with skin tissue; and

**[3]** converting the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light.

42.     Upon information and belief, Lumenis practiced the claimed method at least when it used and/or tested the M22, AcuPulse, and UltraPulse devices.

43.     For example, M22 was and is used for treating skin tissue.  The M22 generates laser light at a wavelength of 1565 nm that in skin tissue is primarily absorbed by water.

ResurFX™ uses a 1565 nm fiber laser and a very advanced scanner, which enables you to choose from more than 600 combinations of shape, size and density for optimal treatment.

([https://lumenis.com/aesthetics/products/m22/resurfx/](https://lumenis.com/aesthetics/products/m22/resurfx/))

44.     The M22 transmits the laser light through a transparent material contained in a hand-held unit (e.g., ResurFX™ module), placing the hand-held unit in contact with skin tissue.

### ResurFX™ With CoolScan™ For Optimal Treatment

The ResurFX™ module has a state-of-the-art CoolScan™ scanner for non-sequential scanning. The patent pending algorithm places each fractional spot in a controlled manner to protect the tissue from heat accumulation and overheating. This ability is unique to the ResurFX™ 1565nm fiber laser. The ResurFX™ handpiece is equipped with continuous contact cooling, to increase patient comfort during treatment.

([https://lumenis.com/aesthetics/products/m22/resurfx/](https://lumenis.com/aesthetics/products/m22/resurfx/))

45.     Moreover, the M22 converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide a variety of precise patterns within the skin tissue to address specific issues, where the patterns leave portions of the skin undamaged).



([https://lumenis.com/aesthetics/products/m22/resurfx/](https://lumenis.com/aesthetics/products/m22/resurfx/))

46.     For example, AcuPulse was and is used for treating skin tissue.  The AcuPulse generates CO2 laser light at a wavelength that in skin tissue is primarily absorbed by water.  The AcuPulse transmits the laser light through a transparent material contained in a hand-held unit (e.g., AcuScan120™ Fractional Scanner), placing the hand-held unit in contact with skin tissue.





([https://lumenis.com/aesthetics/products/acupulse/](https://lumenis.com/aesthetics/products/acupulse/))

47.     Moreover, the AcuPulse converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide precise fractional scanning of the skin tissue to address specific issues).



([https://lumenis.com/aesthetics/products/acupulse/technology/](https://lumenis.com/aesthetics/products/acupulse/technology/))

48.     For example, UltraPulse was and is used for treating skin tissue.  The UltraPulse generates CO2 laser light at a wavelength that in skin tissue is primarily absorbed by water.  The UltraPulse transmits the laser light through a transparent material contained in a hand-held unit (e.g., DeepFX™, ActiveFX™, or TotalFX™ handpieces), placing the hand-held unit in contact with skin tissue.



([https://lumenis.com/aesthetics/products/ultrapulse/](https://lumenis.com/aesthetics/products/ultrapulse/))

49.     Moreover, the UltraPulse converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide precise patterns within the skin tissue to address specific issues, where the patterns leave portions of the skin undamaged).



(https://lumenis.com/aesthetics/products/ultrapulse/)

50.     Plaintiff gave Lumenis notice of its infringement at least by providing a letter identifying the '594 Patent and offering a license on or about July 14, 2016.

51.     Upon information and belief, Lumenis' infringement of the '594 Patent has been willful.  Despite notice of Lumenis' infringement more than two years ago, Lumenis continued to infringe.

52.     Plaintiff has been damaged by Lumenis' infringement of the '594 Patent. Plaintiff is entitled to money damages in an amount adequate to compensate it for Lumenis' infringement, but in no event less than a reasonable royalty for the use made of the invention by Lumenis, together with interest and costs as fixed by the Court.

## SECOND CAUSE OF ACTION
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. RE42,594
## (35 U.S.C. § 271(b))

53.     Plaintiff incorporates the foregoing allegations as if fully realleged and restated herein.

54.     Lumenis has indirectly infringed the '594 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '594 Patent.

55.     Lumenis, with knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '594 Patent, has induced others, including its customers, to directly infringe the '594 Patent by instructing them to use the M22, AcuPulse, and UltraPulse devices in an infringing manner.  At the latest, Lumenis became aware of the '594 Patent and its infringement when it was provided a letter in July 2016, yet Lumenis continued to actively and knowingly induce others to directly infringe the '594 Patent.

56.     Despite knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '594 Patent, Lumenis continued to take numerous active steps to encourage and aid and abet its customers' direct infringement of the '594 Patent.  These active steps include, *inter alia*, directing and/or encouraging customers to use M22, AcuPulse, and UltraPulse; advertising the availability of the M22, AcuPulse, and UltraPulse for purchase; advertising infringing uses and/or instructing how to engage in infringing uses of the M22, AcuPulse, and UltraPulse devices (e.g., on websites, product manuals, and other media); and demonstrating and recommending infringing configurations and uses.  Lumenis undertook these activities with knowledge of the '594 patent and had a specific intent to infringe that patent.

57.     Plaintiff has been injured and damaged monetarily and otherwise by Lumenis' indirect infringement of the '594 Patent in violation of 35 U.S.C. § 271(b).  Lumenis is therefore liable to Plaintiff for the damages suffered by it.

58.     Lumenis' indirect infringement with knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '594 Patent was willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

59.     By this action, Plaintiff seeks recovery of their damages pursuant to 35 U.S.C. § 284, including, without limitation, lost profits and a reasonable royalty.

**THIRD CAUSE OF ACTION**
**INFRINGEMENT OF U.S. PATENT NO. RE43,881**
**(35 U.S.C. § 271(a))**

60.     Plaintiff incorporates the foregoing allegations as if fully realleged and restated herein.

61.     Upon information and belief, the '881 Patent was valid and enforceable until it expired.

62.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Lumenis has directly infringed the '881 Patent, either literally and/or under the doctrine of equivalents, by using the M22, AcuPulse, and UltraPulse devices in the United States to meet the limitations of one or more claims of the '881 Patent.

63.     Exemplary independent Claim 29 of the '881 Patent recites the following:

A method of treating skin tissue, comprising:

[1] generating laser light at a wavelength that in skin tissue is primarily absorbed by water;

[2] transmitting the laser light through a transparent material contained in a hand-held unit;

[3] placing the hand-held unit in contact with skin tissue; and

[4] converting the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages a first tissue portion, a second portion of the laser light irradiates and damages a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light.

64.     Upon information and belief, Lumenis practiced the claimed method at least when it used and/or tested the M22, AcuPulse, and UltraPulse devices.

65.     For example, M22 was and is used for treating skin tissue.  The M22 generates laser light at wavelengths of 1565 nm that in skin tissue is primarily absorbed by water.  The M22 transmits the laser light through a transparent material contained in a hand-held unit (e.g., ResurFX™ module).  The M22 hand-held unit is placed in contact with skin tissue.  Moreover, the M22 converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide a variety of precise patterns within the skin tissue to address specific issues, where the patterns leave portions of the skin undamaged).



([https://lumenis.com/aesthetics/products/m22/resurfx/](https://lumenis.com/aesthetics/products/m22/resurfx/))

66.     For example, AcuPulse was and is used for treating skin tissue.  The AcuPulse generates CO2 laser light at a wavelength that in skin tissue is primarily absorbed by water.  The AcuPulse transmits the laser light through a transparent material contained in a hand-held unit (e.g., AcuScan120™ Fractional Scanner).  The AcuPulse hand-held unit is placed in contact with skin tissue.  Moreover, the AcuPulse converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide precise fractional scanning of the skin tissue to address specific issues).



([https://lumenis.com/aesthetics/products/acupulse/technology/](https://lumenis.com/aesthetics/products/acupulse/technology/))

67.     For example, UltraPulse was and is used for treating skin tissue.  The UltraPulse generates CO2 laser light at a wavelength that in skin tissue is primarily absorbed by water.  The UltraPulse transmits the laser light through a transparent material contained in a hand-held unit (e.g., DeepFX™, ActiveFX™, or TotalFX™ handpieces).  The UltraPulse hand-held unit is placed in contact with skin tissue.  Moreover, the UltraPulse converts the laser light from a beam to an irradiation pattern such that a portion of the laser light irradiates and damages (e.g., ablates) a first tissue portion, a second portion of the laser light substantially simultaneously irradiates and damages (e.g., ablates) a second tissue portion, and a portion of tissue between the first and second tissue portions is undamaged by the laser light (e.g., the laser is tunable to provide precise patterns within the skin tissue to address specific issues, where the patterns leave portions of the skin undamaged).



(https://lumenis.com/aesthetics/products/ultrapulse/)

68.    Plaintiff gave Lumenis notice of its infringement at least by providing a letter identifying the '881 Patent and offering a license on or about July 14, 2016.

69.    Upon information and belief, Lumenis' infringement of the '881 Patent has been willful.  Despite notice of Lumenis' infringement more than two years ago, Lumenis continued to infringe.

70.    Plaintiff has been damaged by Lumenis' infringement of the '881 Patent. Plaintiff is entitled to money damages in an amount adequate to compensate it for Lumenis' infringement, but in no event less than a reasonable royalty for the use made of the invention by Lumenis, together with interest and costs as fixed by the Court.

## FOURTH CAUSE OF ACTION
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. RE43,881
### (35 U.S.C. § 271(b))

71.     Plaintiff incorporates the foregoing allegations as if fully realleged and restated herein.

72.     Lumenis has indirectly infringed the '881 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '881 Patent.

73.     Lumenis, with knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '881 Patent, has induced others, including its customers, to directly infringe the '881 Patent by instructing them to use the M22, AcuPulse, and UltraPulse devices in an infringing manner.  At the latest, Lumenis became aware of the '881 Patent and its infringement when it was provided a letter in July 2016, yet Lumenis continued to actively and knowingly induce others to directly infringe the '881 Patent.

74.     Despite knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '881 Patent, Lumenis continued to take numerous active steps to encourage and aid and abet its customers' direct infringement of the '881 Patent.  These active steps include, *inter alia*, directing and/or encouraging customers to use M22, AcuPulse, and UltraPulse; advertising the availability of the M22, AcuPulse, and UltraPulse for purchase; advertising infringing uses and/or instructing how to engage in infringing uses of the M22, AcuPulse, and UltraPulse devices (e.g., on websites, product manuals, and other media); and demonstrating and recommending infringing configurations and uses.  Lumenis undertook these activities with knowledge of the '881 patent and had a specific intent to infringe that patent.

75.     Plaintiff has been injured and damaged monetarily and otherwise by Lumenis' indirect infringement of the '881 Patent in violation of 35 U.S.C. § 271(b).  Lumenis is therefore liable to Plaintiff for the damages suffered by it.

76.     Lumenis' indirect infringement with knowledge that the M22, AcuPulse, and UltraPulse devices infringe the '881 Patent was willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

77.     By this action, Plaintiff seeks recovery of their damages pursuant to 35 U.S.C. § 284, including, without limitation, lost profits and a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      That this Court enter a judgment that Lumenis has directly infringed one or more claims of the Asserted Patents;

b)      That this Court enter a judgment that Lumenis has indirectly infringed one or more claims of the Asserted Patents;

c)      That this Court enter a judgment against Lumenis awarding damages to Plaintiff for the direct and indirect infringement by Lumenis of the Asserted Patents;

d)      That this Court assess pre-judgment and post-judgment interest and costs against Lumenis, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

e)      That this Court declare this an exceptional case; and

f)      That this Court grant Plaintiff such other and further relief as the Court may deem just, proper, and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all matters so triable.


Dated: July 24, 2019                           Respectfully submitted,


                                               s / K. Nicole Clouse

                                               K. Nicole Clouse
                                               BBO#683177
                                               **MCDERMOTT WILL & EMERY LLP**
                                               28 State Street
                                               Suite 3400
                                               Boston, MA 02109-1775
                                               (617) 535-3841
                                               nclouse@mwe.com
                                               *Attorneys for Plaintiff*


**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000
tsteindler@mwe.com
ibrooks@mwe.com